**Estelle PHILLIPS, Appellant,**

v.

**Charles SCHMID and Nelson O. Jost, Co-Executors of the Estate of Otto Jost, Respondents.**

**No. 57312.**

Supreme Court of Missouri, Division No. 2.

Oct. 8, 1973.

Bernard Susman, David Freyman, St. Louis, for appellant.

Leonard C. Jacobs, St. Louis, for respondents.

HOUSER, Commissioner.

Estelle Phillips appeals from an order dismissing with prejudice her petition against Charles Schmid and Nelson O. Jost, Co-Executors of the Estate of Otto Jost, Deceased, on the ground that the petition fails to state a cause of action. We have jurisdiction since this is a suit for specific performance of a contract to convey real estate, and the notice of appeal was filed prior to January 1, 1972.

The petition alleges that plaintiff and decedent became acquainted six or seven years prior to his death and became fond of one another; that decedent "asked plaintiff to marry him and take care of him for the rest of his life and as an inducement to plaintiff to do so, he promised to give plaintiff his house" in St. Louis (legally described); that "plaintiff accepted decedent's offer and performed all things required by her promise." The petition further alleges that decedent's promise was written and signed by decedent; that Otto Jost died before having a chance to convey his house; that plaintiff has no adequate remedy at law. The prayer is for specific performance by requiring the co-executors to convey the property to plaintiff.

The order is reversed. The petition states a cause of action. The petition alleges a promise to convey realty based upon twin considerations, which are conditions precedent: (1) that plaintiff marry Otto Jost; (2) that plaintiff take care of Otto Jost for the rest of his life; acceptance of decedent's offer and performance by plaintiff of all things required by her promise. Defendants assert that the allegation that plaintiff "performed all things required by her promise" is a conclusion of law which cannot be considered in determining whether the petition is sufficient. Defendants are in error in making this assertion. Rule 55.18, V.A.M.R. provides: "In pleading the performance * * * of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed * * *."

Defendants further claim that the petition fails to state a cause of action because the alleged agreement lacks mutuality of remedy; that plaintiff's alleged contract calls for the performance of personal

services; that since Otto Jost could not have obtained specific performance of plaintiff's promise to marry and take care of him the rest of his life she cannot have his promise to convey specifically enforced. This general rule of equity is applicable in the case of executory contracts but is inapplicable when the party invoking specific performance has fully performed his part of the contract; it applies to executory but not to executed contracts. Jones v. Jones, 333 Mo. 478, 63 S.W.2d 146 [13, 14] (1933). Under the allegations of this petition the contract was executed by plaintiff. She alleges that she has performed her obligations thereunder.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.